MCNUTT LAW FIRM, P.C.
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
11441 Allerton Park Drive, #100
Las Vegas, Nevada 89135
Tel.: (702) 384-1170 / Fax.: (702) 384-5529
drm@mcnuttlawfirm.com
mcw@mcnuttlawfirm.com
*Counsel for Defendant*

**UNITED STATE DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ASTRID LEMUS ORELLANA; MIRIAM ORDONEZ,<br><br>  Plaintiffs,<br><br>THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS dba DESERET INDUSTRIES; DOE EMPLOYEES I through XX; DOES I through XX; inclusive and ROE BUSINESS ENTITIES I through XX, inclusive.<br><br>  Defendant. | Case No.:<br><br>**Petition for Removal**<br>*Diversity Jurisdiction* |

Defendant The Church of Jesus Christ of Latter-day Saints, a Utah corporation sole ("CHC"), dba Deseret Industries, hereby removes to the United States District Court for the District of Nevada the Nevada state court action entitled *Astrid Lemus Orellana and Miriam Ordonez v. The Church of Jesus Christ of Latter-day Saints*, which was filed in the Eighth Judicial District Court as case A-23-869450-C. This removal is based on complete diversity and the amount in controversy and is made pursuant to 28 U.S.C. 1441, 28 U.S.C. 1446, and 28 U.S.C. 1332. As demonstrated herein, CHC is a citizen of Utah, and the Plaintiffs are citizens of Nevada. Furthermore, the Plaintiffs are seeking more than $75,000 at trial.

**I.  Pleadings.**

1.  This is a personal injury action arising from an automobile accident in Clark County, Nevada. A true and correct copy of the state court Complaint is attached as Exhibit A.

2.  No defendant has answered or otherwise responded to the Complaint. CHC was served with the Complaint on April 25, 2023.

1

## II. Service of Process / Timeliness of Removal / Joinder in or Consent to Removal.

3. Removal is timely under 28 U.S.C. 1446(b). The notice of removal may be filed within 30 days after receipt, by service or otherwise, by a defendant of a copy of a complaint. 28 U.S.C. 1446(b). CHC was served with a copy of the Complaint on April 25, 2023. That is the first date by which defendant received a copy of the Complaint by service or otherwise.

4. Written notice of the filing of this Notice of Removal will be served and a copy will be filed with the Clerk of the Eighth Judicial District Court of Clark County, Nevada promptly after this Notice of Removal is filed, as required by 28 U.S.C. §1446(d).

## III. Parties and Citizenship.

a. **Natural Persons as Parties**. A natural person is considered a citizen of the state where the person is domiciled; that is, where the person resides with the intent to remain. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). In paragraphs 1–2 of the Complaint, Plaintiffs allege they are Nevada citizens.

5. **Corporations as Parties.** A corporation is a citizen of (1) every U.S. state and foreign state where it is incorporated and (2) the U.S. state or foreign state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its nerve center, meaning the place where high-level officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 777 92-93 (2010). CHC is incorporated in Utah and has its principal places of business in Salt Lake City, Utah.

## IV. Basis for Removal.

1. Venue is proper under 28 U.S.C. §§ 1441(a) and 1446(a) because this district and division embrace the place in which the removed action has been pending.

2. The diversity of citizenship requirements of 28 U.S.C. 1332(a) are satisfied.

3. The amount in controversy, exclusive of interest and costs, exceeds $75,000, as required by 28 U.S.C. 1332(a):

   a. The Complaint does not request a specific monetary amount. It seeks damages exceeding $15,000.00. (Compl. pg. 7.) "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that

the amount in controversy exceeds" the jurisdictional threshold. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). "[T]he court may consider facts in the removal petition and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Singer*, 116 F.3d at 377 (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335-36 (5th Cir.1995)).

      b.    On November 29, 2022, Plaintiffs sent a demand letter indicating their medical bills exceed $500,598.23. (Ex. B.) Plaintiffs are seeking to recover that sum along with noneconomic damages for pain and suffering. The total sum to be requested by Plaintiffs at trial therefore likely exceeds this Court's jurisdictional threshold.

DATED May 16, 2023.

MCNUTT LAW FIRM, P.C.

*/s/ Dan McNutt*
Daniel R. McNutt, Esq., Bar No. 7815
Matthew C. Wolf, Esq., Bar No. 10801
11441 Allerton Park Drive, #100
Las Vegas, Nevada 89135
*Counsel for Defendant*

3

**CERTIFICATE OF SERVICE**

The undersigned is an employee of McNutt Law Firm, P.C. and certifies that under Fed. R. Civ. P. 5, on May 16, 2023, I served a true and correct copy of **Petition for Removal** by mailing a copy by United States Postal Service, postage prepaid, via email, or via electronic mail through the United States District Court's CM/ECF system to the e-mail addresses provided on the e-service list.

*/s/ Lisa Heller*
An Employee of McNutt Law Firm, P.C.